NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAMSID-DEEN KNIGHT, | |
| Petitioner, | Civil Action No. 12-3249 (SDW) |
| v. | OPINION |
| PAUL K. LAGANA et al., | |
| Respondents. | |

**WIGENTON, District Judge.**

This matter comes before the Court upon Petitioner Shamsid-Deen Knight's ("Petitioner") filing of a petition ("Petition") seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2254(a), and challenging a judgment of conviction entered by the Superior Court of New Jersey, see Docket Entry No. 1, and Respondents' filing of a limited answer. See Docket Entry No. 10. For the reasons detailed below, the Petition will be dismissed as untimely. However, Petitioner will be allowed one final opportunity to state his bases, if any, warranting equitable tolling.

**I.   Background**

The Petition failed to state Petitioner's grounds with the degree of clarity required by the Habeas Rule 2(c) (requiring a petition to specify, inter alia, "all the grounds for relief available to the petitioner" and "state the facts supporting each ground"). This Court directed him to file an amended pleading clarifying his grounds in its Order filed on September 25, 2012. See Docket

Entry No. 3. Additionally, the Court noted that the Petition appeared untimely and directed Respondents to file a limited answer addressing the issue of timeliness. See id.

In its Order, this Court made a number of factual findings, observing that: (a) "[t]he Petition stated that Petitioner placed the Petition in the prison mail system on May 25, 2012" and, therefore, it could not have been filed, within the meaning of the prisoner's mail-box rule, prior to that date;[1] (b) "the Supreme Court of New Jersey denied [Petitioner's application] for certification [on] January 12, 2007" with regard to his direct appeal, which meant that his conviction became "final" and his one-year Antiterrorism and Effective Death Penalty Act ("AEDPA") period of limitations began to run ninety (90) days after that date on April 13, 2007; (c) the Superior Court of New Jersey, Appellate Division ("Appellate Division"), dismissed his appeal with regard to the Law Division's denial of his application for post-conviction relief ("PCR") on March 2, 2011; (d) the Supreme Court of New Jersey denied him certification as to his PCR application on September 22, 2011; but (e) the dates of Petitioner's commencement of his PCR proceedings with the Law Division and the Law Division's resolution of the same were not immediately apparent from the face of the Petition or from public data amenable to judicial notice. Id. at 1-3.

Respondent's limited answer provided the Court with information filling this gap. See Docket Entry No. 10. Referring to the underlying record, Respondents pointed out that: (a) Petitioner filed his PCR application with the Law Division on February 12, 2007;[2] (b) the Law

---

[1] "[A] pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).

[2] Respondents' answer made a reference to February 12, 2012, while asserting that Petitioner's PCR

(continued...)

2

Division denied the PCR application on March 20, 2009; (c) Petitioner challenged that denial by filing an October 7, 2009 out-of-time appeal with the Appellate Division, even though, under state law, he had to file said appeal no later than on May 4, 2009;[3] (d) the Appellate Division resolved his PCR appeal on its merits by a decision dated March 2, 2011; but (e) Petitioner filed his application for certification with the Supreme Court of New Jersey as to his PCR on April 13, 2011 even though – under state law – he had to file such application on March 22, 2011.[4]

Pointing out that Petitioner's PCR appeal to the Appellate Division was not "properly filed" and, thus, not "pending" within the meaning of the AEDPA regime for the period of 154 days (May 4, 2009 to October 7, 2009) and, in addition, Petitioner's PCR appeal was similarly not "pending" during 22 days of Petitioner's delay in seeking certification from the Supreme Court of New Jersey (March 22, 2011 to April 13, 2011), Respondents: (a) add these 154 and twenty-two (22) days to the eight (8) months and three (3) days Petitioner allowed to elapse between the Supreme Court of New Jersey denial of certification as to his PCR and his placing of his Petition at bar in the prison mail system; (b) arrive at the total of just more than fourteen (14) months; and (c) argue that the Petition shall be dismissed, as untimely, because this total exceeds

---

[2](...continued)
application was filed prior to expiration of the 90-day grace period. See Docket Entry No. 10-1, at 4. Hence, it appears self-evident that Respondents' use of "2012" was merely a typographical error, and the year Respondents were intending to refer to was "2007."

[3] Pursuant to New Jersey Court Rule 2:4-1(a), the time for filing a notice of appeal is forty-five (45) days.

[4] Under N.J. Ct. R. 2:12-3, a petitioner is required to file a notice of petition for certification within 20 days of the Appellate Division's adverse ruling. Respondents appeared to have made an arithmetical mistake while adding twenty days to the March 2, 2011, date when they arrived at the date of March 20 – rather than March 22 – 2011. See Docket Entry No. 10-1, at 7.

the period of twelve (12) months allowed by the AEDPA.  See, generally, Docket Entry No. 10-1.

**II.     Discussion**

The validity of Respondents' argument turns on whether the statutory tolling provided-for by the AEDPA covers the periods of time when a collateral appellate review becomes untimely under the applicable state law if such collateral appeal is, nonetheless, eventually filed out of time, and the state courts elect to entertain such out-of-time application on the merits.  Although this issue has not been frequently addressed by federal courts, case law supports Respondents' position.

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides, in pertinent part, that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  28 U.S.C. § 2244(d)(2) (emphasis added).  Thus, evaluation of the timeliness of a § 2254 petition requires, inter alia, a determination of the period of time during which an application for state PCR was "properly filed" and "pending."

As this Court already noted in its prior decision, to statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed" within the meaning of state law.

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record.  And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally.  But in common usage, the question whether an application has been "properly filed" is

>quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted).

There is no dispute that where a state court has rejected a PCR petition as untimely it was not "properly filed," and the petitioner is not entitled to statutory tolling under § 2244(d)(2). See Pace v. Diguglielmo, 544 U.S. 408 (2005). The same rationale applies where the state court addresses the merits of the petition. Cf. Carey v. Saffold, 536 U.S. 214, 225-26 (2002) (examining the petition which was dismissed both as untimely and on merits). In other words, the state courts' election to address the merits of a litigant's challenges is neither binding nor relevant for the purposes of the § 2244(d)(2) analysis conducted by the federal court sitting in habeas review. Indeed, "[t]he time that an application for state post conviction review is 'pending' includes [only] the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." Evans v. Chavis, 546 U.S. 189, 191 (2006) (emphasis in original) (expressly finding that time between denial of PCR and filing of appeal was not tolled where appeal is out of time under the state law, even if the state court considered untimely appeal on the merits).

Moreover, the limitation requiring that "the notice of appeal is timely under state law" is intended to be strictly applied by the federal courts conducting habeas review. In Jimenez v. Quarterman, the Supreme Court interpreted the meaning of the provision in 28 U.S.C. § 2244(d)(1)(A) that defines the starting date of the federal habeas limitations period as "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 555 U.S. 113, 115 (2009). In particular, the question before the

5

Court in Jimenez was whether the date on which direct review became "final" under the statute was the date on which the petitioner's conviction initially appeared final or the date when a judicially-permitted out-of-time appeal became final.  The Jimenez Court held that "where a state court grants a criminal defendant the right to file an out-of-time *direct* appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)," Jimenez, 555 U.S. at 121 (emphasis added), and expressly stressed that "[its] decision [in Jimenez was] a narrow one."  Id.  The Court's emphasis on the "narrowness" of its Jimenez decision supports the conclusion that a state court's election to allow an out-of-time appeal from the denial of PCR cannot retroactively render a state PCR proceeding "pending" for purposes of the federal § 2244(d)(2) analysis.  See, e.g., DeJesus v. Acevedo, 567 F.3d 941 (7th Cir. 2009); Streu v. Dormire, 557 F.3d 960 (8th Cir. 2009); Drew v. Superintendent, 607 F. Supp. 2d 277 (D. Mass. 2009).

Those federal courts that focused on this issue held that the time gap in an appellate PCR filing falls outside the scope envisioned by the statutory tolling clause of the AEDPA.  See, e.g., McHoney v. South Carolina, 518 F. Supp. 2d 700, 704-05 (D.S.C. 2007) (noting the Supreme Court's unwillingness to broaden the definition of "pending" and the Eleventh Circuit's recognition of "Congress's intent to encourage exhaustion of state remedies without permitting Petitioner to indefinitely toll the limitations period"); see also Velasquez v. Kirkland, 639 F.3d 964 (9th Cir. 2011) (inmate's habeas petition was properly dismissed as untimely under the AEDPA because he was not entitled to statutory tolling since each of the gaps between his state PCR applications was far longer than the thirty to sixty-day benchmark set by the state's

"reasonable time" requirement); Hepburn v. Eagleton, 2012 U.S. Dist. LEXIS 131097 (D.S.C. July 20, 2012) (expressly adopting the McHoney reasoning).

The Court of Appeals for the Third Circuit has not issued a precedential decision on this issue and, within this District, only two judges addressed it. See St. Fleur v. Ricci, No. 10-0864, 2012 U.S. Dist. LEXIS 11036 (D.N.J. Jan. 17, 2012), and Clark v. Ricci, No. 08-3347, 2009 U.S. Dist. LEXIS 78225 (D.N.J. Aug. 27, 2009). Although the litigants in both St. Fleur and Clark sought a certificate of appealability from the Court of Appeals for the Third Circuit and were denied the same, the Clark decision is more analogous, since the dismissal of habeas petition in St. Fleur was entered on alternative grounds, i.e., on the basis of untimeliness and for lack of merit. By contrast, the petition in Clark was dismissed solely on the basis of the litigant's failure to meet the requirements of the AEDPA period of limitations. In denying the Clark petitioner a certificate of appealability, the Court of Appeals stated, albeit in an unpublished decision:

> The [petitioner's] request for a certificate of appealability is denied. Jurists of reason would not debate that the District Court did not abuse its discretion in denying [habeas] relief . . . . See Slack v. McDaniel, 529 U.S. 473 (2000). See also Evans v. Chavis, 546 U.S. 189, 191 (2006) ("The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law").

Clark, 2009 U.S. Dist. LEXIS 78225 at 1.

This Court finds the reasoning articulated in the above-cited cases persuasive. Reading these cases jointly with guidance provided by the Court of Appeals in its denial of a certificate of appealability to the Clark petitioner, this Court concludes that Respondents' position (as to inapplicability of statutory tolling to the gaps in time resulting from Petitioner's failure to timely appeal and to seek certification with regard to his PCR application) is substantiated. Therefore,

7

to the extent this Court limits its review to the issue of statutory tolling, the Petition is subject to dismissal as untimely.

The foregoing, however, might not fully dispose of the case at bar, since the AEDPA statute of limitations is also subject to equitable tolling.[5]  While a valid basis for equitable tolling is not established lightly, certain circumstances prompted federal courts to resort to equitable measures.  See, e.g., Ross v. McKee, 465 F. App'x 469, 474-75 (6th Cir. 2012) (where an inmate's appellate PCR application reached the state supreme court's mailing address on the last day allowed under the state law, but the clerk did not acknowledge receipt until the next day, and that single day difference resulted in dismissal of the inmate's Section 2254 petition as untimely, equitable tolling should be granted because the litigant was not accountable for the actions of the clerk); compare Clark v. Ricci, 2009 U.S. Dist. LEXIS 78225 at *29-30.

Here, Petitioner's submission does not provide this Court with any basis to grant him equitable tolling with regard to the gap periods when his PCR appeals were untimely under state law.  Furthermore, while being fully aware of these gap periods, Petitioner did not promptly file his instant § 2254 Petition at the time when he was still well within his AEDPA period, i.e.,

---

[5]  As this Court already noted, a litigant seeking equitable tolling must establish that: (a) he has been pursuing his rights diligently, but (b) extraordinary circumstance stood in his way.  See Pace, 544 U.S. at 418 (2005); see also Holland, 130 S. Ct. 2549.  Equitable tolling is appropriate only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and [he] has exercised reasonable diligence in attempting to . . . bring his claims."  LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005); see also Holland, 130 S. Ct. 2549 (same).  Unlike under the state law, mere excusable neglect is insufficient to warrant equitable tolling for the purposes of federal habeas review.  See id.; see also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  Extraordinary circumstances may exist where: (a) the respondent actively misled the litigant; (b) the litigant was prevented from asserting his rights in some extraordinary way; (c) he timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159; or (d) the federal court itself has misled the litigant.  See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).  Finally, even where extraordinary circumstances exist, the person seeking equitable tolling must exercised reasonable diligence in attempting to file after the extraordinary circumstances begin.  See Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (relying on Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

when the Supreme Court of New Jersey denied him certification as to his PCR.[6]  Moreover, he did not move for a stay under <u>Rhines v. Weber</u>, 544 U.S. 269, 278 (2005), nor did he take advantage of the holding of <u>Mason v. Meyers</u>, 208 F.3d 414, that allows a § 2254 litigant to withdraw a "protective" petition, see <u>Pace</u>, 544 U.S. at 416, and obtain additional time to file his all-inclusive federal habeas pleading.  In sum, his lack of action appears analogous to that of the <u>Clark</u> petitioner, and thus qualitatively different from <u>Ross v. McKee</u>, 465 F. App'x 469, since the circumstances here were, seemingly, well within Petitioner's control.

Although Petitioner has not detailed any arguments supporting the applicability of equitable tolling, this Court will retain jurisdiction over this matter for ninety (90) days from the date of entry of the Order accompanying this Opinion.  Petitioner will be permitted to file a supplemental pleading on this limited issue only.  Such submission must be filed within thirty (30) days of the filing of the Court's Order.  Respondents will be allowed thirty (30) days from the filing of Petitioner's supplemental pleading to file their opposition.

### III.   Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA") on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In <u>Slack v. McDaniel</u>, 529 U.S. at 484, the Supreme Court held:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

---

[6] In fact, at the time when the Supreme Court of New Jersey denied him certification as to his PCR application, Petitioner had more than six (6) months to file his Petition in a timely fashion.

jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

This Court denies Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to its finding that the Petition is untimely, for the purposes of the statutory tolling analysis, because jurists of reason would not find it debatable that dismissal of the Petition as time barred is correct. This Court reserves its determination as to timeliness of the Petition for the purposes of the equitable tolling analysis.

### IV. Conclusion

For the foregoing reasons, the Petition will be dismissed as untimely under the period of limitations posed by the AEDPA and in light of inapplicability of the statutory tolling provision, and no certificate of appealability will issue as to that finding. This matter will be administratively terminated but jurisdiction will be retained for ninety days in order to address Petitioner's assertions, if any, as to equitable tolling. Respondents will be directed to file the exhibits referred to in their limited answer, so as to perfect the record in this matter.[7]

An appropriate Order accompanies this Opinion.

                              s/Susan D. Wigenton
                              **Susan D. Wigenton**
                              **United States District Judge**

Dated: December 3, 2012

---

[7] Respondents' limited answer arrived accompanied by: (a) a detailed memorandum in support of Respondents' position, see Docket Entry No. 10-1, which made references to attached exhibits; and (b) an index of said exhibits. See Docket Entry No. 1-2. However, no exhibits have been docketed in this matter. See, generally, Docket.