NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAMSID-DEEN KNIGHT, : | |
| : | Civil Action No. 12-3249 (SDW) |
| Petitioner, : | |
| : | |
| v. : | **OPINION** |
| : | |
| PAUL K. LAGANA et al., : | |
| : | January 29, 2013 |
| Respondents. : | |

**WIGENTON, District Judge:**

Before the Court is Shamsid-Deen Knight's ("Petitioner") supplemented Habeas Petition ("Petition"). The Petition—as supplemented by Petitioner's January 7, 2013 letter—will be dismissed as untimely and no certificate of appealability will issue. Petitioner's application for appointment of counsel will be denied as moot.

**FACTUAL BACKGROUND**

Petitioner's underlying convictions arise from offenses charged in two separate indictments, one asserting the crimes of murder, weapon offenses and eluding, and another asserting various counts of robbery and conspiracy to commit robbery.[1] See State v. Knight, 2011 WL 709713, at *1 (N.J. Super. Ct. App. Div. Mar. 2, 2011). The first indictment resulted from the homicide of Petitioner's taxi driver. See id. at *1-2. Shots were fired within the cab,

---

[1] Habeas Rule 2(e) requires separate petitions to challenge separate determinations. See Muniz v. Zickefoose, 2011 U.S. Dist. LEXIS 115766, at *13 (D.N.J. Sept. 30, 2011) (noting the same as "axiomatic"), aff'd, 460 F. App'x 165 (3d Cir. 2012). Thus, Petitioner cannot challenge two separate convictions in a single Petition. However, since his Petition is equally untimely with regard to each conviction (and, hence, warrants dismissal with prejudice), a dismissal of the Petition without prejudice to Petitioner's filing of two separate habeas petitions would be futile.

the police found the taxi driver dead, and Petitioner was still in the cab and his gun nearby.  See id. at *1-2.  Upon his arrest, Petitioner told the police that the shooting was accidental.  See id. at *2.  Being convicted of that murder and related offenses, he pled guilty to his robbery charges, all of which ensued from unrelated events.  See id. at *1-2.

**PROCEDURAL HISTORY**

This Court relies on its previous Opinion for the full procedural history related to the instant Petition.  (See Doc. 11.)  Briefly stated, on May 29, 2012, Petitioner filed the instant Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254(a).  (Doc. No. 1.)  On September 24, 2012, because the Petition appeared untimely, the Court directed Respondents to file a limited answer as to timeliness.  (Doc. No. 3.)  On November 21, 2012, Respondents filed a limited reply. (Doc. No. 10.)

In its December 3, 2012 Opinion, this Court stated that "the [Anti-Terrorism and Effective Death Penalty Act ("AEDPA")] statute of limitations is []subject to equitable tolling. . . [thus,] this Court will retain jurisdiction over this matter . . . [and] Petitioner will be permitted to file a supplemental pleading on this limited issue only."  (Doc. No. 11, at 8-9.)

On January 7, 2013, Petitioner filed a Letter supplementing his Petition.  (See Doc. No. 16.)  With regard to the issue of timeliness, Petitioner's supplement stated that the "[P]etition is timely. [The] Pro-se petition includes [a] letter received from [the] public defender's office inform[ing] him of [the] one-year eligibility which he acted upon in a timely manner." (Id. at 2.)

**DISCUSSION**

    **A.**    **Statutory Tolling**

As discussed extensively in this Court's December 3, 2012 Opinion, Petitioner's statutory tolling claim is not viable and cannot render his Petition timely. (See Doc. No. 11.)[2]

    **B.**    **Equitable Tolling**

The Third Circuit expressly held that, in non-capital cases, attorney miscalculation, legal error, inadequate research or other mistakes cannot qualify as extraordinary circumstances warranting equitable tolling. See Johnson v. Hendricks, 314 F.3d 159, 160-62 (3d Cir. 2002) (rejecting inmate's claim that statute of limitations should be equitably tolled because his PCR counsel incorrectly informed him of the timeframe for filing his federal habeas petition); see also Fahy v. Horn, 240 F.3d 239 (3d Cir. 2001). In Johnson, the Third Circuit noted that counsel's "statement as to the time the habeas petition was due was [unquestionably] erroneous," but it did not qualify as extraordinary circumstances warranting equitable relief. 314 F.3d at 162-63 (citing Miranda v. Castro, 292 F.3d 1063, 1068 (9th Cir. 2002).

Courts in this district have routinely applied Johnson. See, e.g., Williams v. Balicki, 2010 U.S. Dist. LEXIS 29676, at *14-15 (D.N.J. Mar. 29, 2010) ("even if Petitioner was ignorant of the fact that the limitations period began to run on [a different date], ignorance of the law, even for an incarcerated pro se petitioner, does not excuse prompt filing. Courts have been loathe to excuse late filings simply because a pro se prisoner misreads the law") (internal citations omitted); Palmer v. Ricci, 2009 U.S. Dist. LEXIS 116352 (D.N.J. Dec. 15, 2009) (same); accord

---

    [2] At the time when this Court issued its prior ruling in this matter, there was no Court of Appeals precedential decision on the issue examined in this case. However, such decision has been issued on January 15, 2013, see Jenkins v. Superintendent of Laurel Highlands, __ F.3d __, 2013 U.S. App. LEXIS 1004 (3d Cir. 2013).

Lawrence, 549 U.S. at 336-37 (attorney miscalculation is not sufficient to warrant equitable tolling, particularly in the collateral challenge context where prisoners have no constitutional right to counsel).

Here, Petitioner's supplement is, at best, construed as seeking equitable tolling on the grounds of erroneous legal advice Petitioner obtained from Jodi Ferguson, an attorney on the staff of the Public Defender's Office.  Petitioner's facts are identical to those examined in Johnson.  Jodi Ferguson's letter to Petitioner containing incorrect legal advice is substantially similar to the public defender's letter examined in Johnson.  That incorrect legal advice does not warrant equitable tolling.  See Johnson, 314 F.3d at 162-63.  Therefore, to the extent that Petitioner's supplement was intended to seek an equitable remedy, his position is unavailing and his Petition should be dismissed as untimely.

    **C.**    **Certificate of Appealability**

The Court denies Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as time barred is correct. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

**CONCLUSION**

For the foregoing reasons, the Petition will be dismissed with prejudice, as untimely.  No certificate of appealability will issue.  Petitioner's application for appointment of counsel, embedded in his supplement to the Petition, will be denied as moot.

                                                        **s/Susan D. Wigenton, U.S.D.J.**
                                                        Susan D. Wigenton, U.S.D.J.